Fahey, J.
(concurring). I concur in the result on the constraint of People v Schrock (108 AD3d 1221 [2013], lv denied 22 NY3d 998 [2013]). Although this Court has ruled to the contrary, I continue to maintain that the application of a stun belt to a defendant without knowledge or input of the trial court is a mode of proceedings error, i.e., an unwaivable flaw (see id. at 1226-1227 [Fahey, J., dissenting]; see also People v Patterson, 39 NY2d 288, 295 [1976], affd 432 US 197 [1977]), and that we must not countenance the usurpation of a court’s fundamental obligation to determine whether a stun belt is necessary (see People v Buchanan, 13 NY3d 1, 4 [2009]). Here, the decision to apply the *1402 stun belt to defendant at the outset of the trial was not made by County Court, and I reemphasize my view that courts, not nonjudicial personnel, are to control the courtroom and thus must determine whether to apply a stun belt to a defendant. Given my continuing view that the application of a stun belt to a defendant — in the absence of judicial findings on the record that such is necessary — is a mode of proceedings error and thus unwaivable (see Patterson, 39 NY2d at 295; see also Buchanan, 13 NY3d at 4), and given the fact that defendant herein wore a stun belt from the beginning of the trial, I see no need to review defendant’s contention that he did not knowingly, intelligently and voluntarily waive inquiry by the court during the middle of the trial as to the necessity of the stun belt.
Present — Centra, J.P, Fahey, Peradotto, Lindley and Valentino, JJ.